The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
You have requested an Attorney General opinion concerning the retirement benefits of a city clerk/collector.
You state that a particular individual served as city clerk/collector for the City of Lepanto for 29 years and retired in December, 1993. During her tenure in office, the city enacted Ordinance No. 142, which created the City Utilities Department, and required the city treasurer to perform certain functions for the City Utilities Department.[1] The city clerk/collector performed these functions, serving as secretary for the City Utilities Department. It is my understanding that the city paid one-half of the clerk's salary, and the City Utilities Department paid the other half. The city participates in the APERS retirement program, but the City Utilities Department does not. It is my understanding that the city clerk/collector was not permitted to join APERS because she was eligible to receive the retirement benefits that are available to city clerks under A.C.A. § 21-12-121 (which is to half of the city clerk's salary during the last year of service). Since the time of the clerk/collector's retirement, the city has paid retirement benefits to her in the amount of one half of the amount paid to her by the city. In calculating the city clerk's retirement benefits under A.C.A. § 21-12-121, the city does not include the amount paid to her by the City Utilities Department.
You have enclosed with your opinion request a copy of Ordinance No. 142 of the City of Lepanto, and have presented the following questions:
 (1) Was the City Utilities Department that was created by Ordinance 142 a separate entity from the City of Lepanto for purposes of employing the city clerk/collector?
 (2) Is the city clerk/collector entitled to receive retirement benefits in the amount of one half of all of her salary, including the part that was paid by the City Utilities Department?
 (3) Is the city clerk/collector entitled to receive retirement benefits in the amount of the full one half of all of her salary, retroactive to December, 1993?
RESPONSE
Question 1 — Was the City Utilities Department that was created byOrdinance 142 a separate entity from the City of Lepanto for purposes ofemploying the city clerk/collector?
It is my opinion, as explained more fully below, that the ultimate answer to this question will depend to a certain extent on certain factual matters that I am unable to determine. However, as also explained below, I am able to form an opinion concerning certain aspects of the situation.
It is my opinion that to the extent that the city clerk/collector worked for the City Utilities Department because she was required to do so by Ordinance 142, the City Utilities Department is not a separate entity from the city for purposes of its relationship with the city clerk/collector.
The city clerk/collector (as city treasurer — see Footnote 1) was required by Ordinance 142 to perform certain functions for the City Utilities Department. The City Utilities Department had no discretion in "hiring" the city clerk to perform these functions, and she had no discretion as to whether to perform them. The duty to perform these functions was part of her job as city clerk, and was imposed upon her by the city council in virtue of her position as city clerk. City clerks are required to perform the duties that are imposed upon them by the city council. A.C.A. § 14-43-313(b). To the extent that the city clerk's work for the City Utilities Department consisted of performing the functions that were required of her under Ordinance 142, it is my opinion that it is incorrect to refer to the City Utilities Department as having "employed" the city clerk or as being the city clerk's "employer." If it is determined that the city clerk worked for the City Utilities Department only to the extent that she was required to do so by Ordinance 142, I would conclude that the City Utilities Department is not a separate entity from the city for purposes of its relationship with the city clerk.
However, if the city clerk's work for the City Utilities Department went beyond the functions that were required by Ordinance 142 and included functions that she had the discretion to refuse or to agree to perform, and functions that the Department had the discretion to assign to another employee, I would have to conclude that to that extent, she was an employee of the City Utilities Department, and the Department, in that respect, was a separate entity from the city.
The nature and extent of the city clerk's work for the City Utilities Department is a question of fact that can only be determined by a thorough examination of all of the relevant factors. However, I will note that a particularly relevant factor is the clerk's compensation for her work for the City Utilities Department. If the City Utilities Department, as compensation for the clerk's work for the Department, was paying a portion of the salary that the city clerk was entitled, under the ordinances of the city, to receive for her service as city clerk, that fact would be an indicator that her work for the City Utilities Department was simply part of her duties as city clerk.
Question 2 — Is the city clerk/collector entitled to receive retirementbenefits in the amount of one half of all of her salary, including thepart that was paid by the City Utilities Department?
It is my opinion that the city clerk/collector is entitled to receive retirement benefits calculated on the basis of the entire amount of salary that she was entitled to receive as city clerk, regardless of the fact that part of that amount may have been paid by the City Utilities Department. As indicated previously, the question of whether the amount that was paid to the city clerk by the City Utilities Department was part of the salary that she was entitled under city ordinance to receive as city clerk is a question of fact. I therefore cannot opine as to whether she is entitled to include amounts paid to her by the City Utilities Department in calculating her retirement benefits under A.C.A. § 21-12-121.
Nevertheless, this question of fact should be easy to answer simply by determining from the applicable city ordinances the amount that was designated for the clerk's salary. It is my opinion that the city clerk is entitled to have her retirement benefits calculated on the basis of that figure, regardless of the source from which she received it. In this regard, I note that the City of Lepanto was ultimately responsible for seeing that she received her entire designated salary. If the city had failed to do so, it would have been in violation of A.C.A. § 14-43-113, which states:
 The salaries of officials of cities of the first and second class and incorporated towns may be increased, but not decreased, during the term for which the officials have been elected or appointed.
A.C.A. § 14-43-113.
Under the provisions of A.C.A. § 24-12-121, the city clerk's benefit is to be one-half of her entire salary.
A.C.A. § 24-12-121 states in pertinent part:
 (b)(1) Any city clerk, city treasurer, or any person serving as city clerk or clerk-treasurer who shall retire, or be succeeded by another city clerk or clerk-treasurer within the provisions of this section shall be paid monthly a sum equal to one-half (1/2) of the monthly salary received by him during the last preceding year of his service.
 (2) The retirement pay shall be paid by the city from its general fund account.
A.C.A. § 24-12-212.
A.C.A. § 24-12-121 does not differentiate between the sources from which the clerk's salary is received. The amount of the benefit is to be one-half "of the monthly salary received" by the city clerk during the last year of service. This language is unambiguous. The city therefore cannot calculate benefits under this statute on the basis only of the amount paid by the city if another part of the clerk's salary for serving as clerk was paid from another source. Her retirement benefits must be calculated on the basis of the entire amount of her designated salary, regardless of the source from which she received it. If the amount paid to the city clerk by the city was the entire amount of the salary that she was entitled to receive for her service as city clerk, she cannot include the amounts paid to her by the City Utilities Department in calculating her retirement benefits. However, if the amount paid to her by the City Utilities Department was part of the salary that she was entitled to receive as clerk, she can include that amount in calculating her benefits.
I also note that the fact that the city participates in APERS and the City Utilities Department does not participate in APERS has no bearing on this situation. The city clerk did not participate in APERS because she was deemed to be entitled to the benefits that are available to city clerks under A.C.A. § 21-12-121. Therefore, APERS is irrelevant to this situation.
Question 3 — Is the city clerk/collector entitled to receive retirementbenefits in the amount of the full one half of all of her salary,retroactive to December, 1993?
It is my opinion that the city clerk/collector is entitled to receive retirement benefits in the amount of one-half of the entire salary that she was entitled under city ordinance to receive for her service as city clerk, retroactive to December, 1993. (I reiterate that I cannot opine as to whether the amounts paid to the city clerk by the City Utilities Department were part of her clerk's salary; this is a question of fact.) If it is determined that the city clerk has not received benefits calculated on her entire clerk's salary, it is my opinion that she is entitled to receive them retroactively to the date of her retirement. As discussed in response to Question 2, it is clear that she was legally entitled to this benefit.
The only possible legal basis that I am aware of for relieving the city of the responsibility to pay this amount would be a successful claim that the statute of limitations had run on the city clerk's claim to this amount. I am unable to opine as to whether this is the case, because the running and tolling of statutes of limitations depends largely on factual matters that I am unable to determine, such as when the clerk first became aware of the mistake in her benefits, and what steps were taken between her and the city to deal with the situation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Ordinance 142 designates the "Treasurer of the Town" to perform the duties that you have described as having been carried out by the city clerk/collector. I will therefore assume, for purposes of answering your questions, that the City of Lepanto has combined the offices of city clerk and city treasurer, pursuant to the authority granted in A.C.A. §14-43-405, and that the city clerk/collector whom you have described is the city clerk/treasurer.